# FREDERICK J. LOWREY, GEORGE P. CASTLE AND WILLIAM O. SMITH, TRUSTEES, *v.* THE TERRITORY OF HAWAII.

## ORIGINAL.

ARGUED DECEMBER 11, 1905.    DECIDED DECEMBER 11, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PLEADING—*motion to strike out portions of plaintiffs' petition not required in action at law.*

> The plaintiffs declaring for breach of an agreement, the defendant moved to strike out portions of their petition as irrelevant: *Held,* although the petition is in the form of code pleading the defendant is not required to admit or deny each averment, but under our practice denies generally, pleads a special defense or demurs. The motion is not required and is denied.

### ORAL OPINION.

HARTWELL, J. The plaintiff's petition claims the sum of $15,000 from the Territory for breach by the Territory of an agreement made in 1849 between the government of the Kingdom of the Hawaiian Islands and the American Board, the petitioners claiming to be successors of the board; the agreement in effect being that in consideration that the board would relinquish to the government of the Kingdom its claim to certain land at Lahainaluna and transfer to that government the seminary buildings, furniture, books and apparatus therein, that government would continue the seminary at its expense as an institution for the cultivation of sound literature and solid science and would not teach or allow to be taught any religious

tenet or doctrine contrary to those theretofore inculcated by the mission and expressed in the confession of faith, a copy of which is attached to the petition; that in case of nonperformance of the conditions of the transfer, the property should revert to the board, represented by the Hawaiian mission, and if that government should divert the establishment to other purposes than of education it should pay $15,000 to the mission, representing the American Board.

The breach of this agreement alleged is that since 1903 the Territory has changed the institution to an agricultural school and taught no religious doctrines whatsoever, or sound literature or solid science.

The petition is in the form of a code pleading, a narrative of facts; perhaps it contains matters of evidence which, under the code system, should be struck out, but I am not familiar with code pleading enough to say. I infer that in the motion to strike out parts of the petition the deputy attorney general has that system in mind, but the motion is not required by our system of law and practice. This is not a bill in equity and is not to be treated as such. There is no requirement that the defendant admit or deny each averment. All that it needs to do is to make a general denial, which means a denial of facts well pleaded; if it has a special defense to plead it, or, if it conceives that the case does not present a cause of action, to demur. A demurrer that the petition shows no cause of action would raise the questions of law in the case, as, for instance, whether the agreement was assignable and has it been assigned; if not enforcible against the Kingdom of the Hawaiian Islands, is it enforcible against the Territory; is the contract binding on the Territory; do the facts averred show a breach of the agreement, if so, does the Organic Act excuse nonperformance in prohibiting the Territory from appropriating money for a sectarian school? I see no advantage in incorporating into our practice any features which are applicable to a code system. I am giving my own thought and do not know whether I speak for my colleagues.

FREAR, C.J. I have nothing to add to what Mr. Justice

Hartwell has said, except, perhaps, that I should qualify his last statement. There might be some advantage in introducing some elements of the code pleading; I don't know that it would be advantageous to exclude them entirely; they have in some respects been introduced into our practice by statute. But I do not mean to imply that they should be introduced by judicial decision so far as concerns modes of defense, which alone are involved on this motion to strike.

The opinion of the court is that the motion should be denied and it is denied.

The plaintiffs' attorneys were not called.

*M. F. Prosser, deputy attorney general,* for defendant.